

FILED
JAMES BONINI
CLERK

04 DEC 27 PM 3:30

[illegible stamp]
S.ST. DIV. CINCINNATI

# IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF OHIO
## WESTERN DIVISION

| | |
|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>FORD MOTOR COMPANY, )<br>)<br>and )<br>)<br>UNITED AUTOMOBILE, AEROSPACE AND )<br>AGRICULTURAL IMPLEMENT WORKERS )<br>OF AMERICA, )<br>)<br>and )<br>)<br>UNITED AUTOMOBILE, AEROSPACE AND )<br>AGRICULTURAL IMPLEMENT WORKERS )<br>OF AMERICA, LOCAL 863, )<br>)<br>and )<br>)<br>THE NATIONAL FORD-UAW JOINT )<br>APPRENTICESHIP COMMITTEE, )<br>) | CIVIL ACTION NO.<br><br>**1:04CV845**<br><br><u>COMPLAINT</u><br><br>J. DLOTT<br><br>J. HOGAN |

| | |
|---|---|
| and | ) |
| | ) |
| THE LOCAL FORD-UAW JOINT | ) |
| APPRENTICESHIP COMMITTEE, | ) |
| | ) |
| Defendants. | ) |

## NATURE OF THE ACTION

This is an action under Title VII of the Civil Rights Act of 1964, to correct unlawful employment practices on the basis of race, and to provide appropriate relief to James Robinson, Sr., Gregory A. Dicks, Robert S. Payne, Robert Fails, Jr., Jerome R. Harris, Karthan Norman, Johnathan Glover, Sheilah Brackett, Terri Gaither, Joseph W. Hendricks, Gordon B. Rinfro, Eric Barbee, Darnay Cheeks and the class of similarly-situated African-American apprenticeship test takers who were adversely affected by such practices. The Commission alleges that Defendants' apprenticeship test has a disparate impact on African-American apprentice applicants and consequently denies them eligibility and admission to the apprenticeship program at least since January 1, 1997.

## JURISDICTION AND VENUE

1.   Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 451, 1331, 1337, 1343 and 1345. This action is authorized and instituted pursuant to Section 706(f)(1) and (3) of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e-5(f)(1) and (3 ("Title VII").

2.   The employment practices alleged to be unlawful were and are now being committed within the jurisdiction of the United States District Court for the Southern District of Ohio, Western Division.

2

## PARTIES

3. Plaintiff, the Equal Employment Opportunity Commission (the "Commission"), is the agency of the United States of America charged with the administration, interpretation and enforcement of Title VII, and is expressly authorized to bring this action by Section 706(f)(1) and (3) of Title VII, 42 U.S.C. § 2000e-5(f)(1) and (3).

4. At all relevant times, Defendant Ford Motor Company (the "Employer"), has continuously been a Delaware corporation doing business in the State of Ohio and the City of Sharonville, and has continuously had at least 15 employees.

5. At all relevant times, Defendant Employer has continuously been an employer engaged in an industry affecting commerce within the meaning of Sections 701(b), (g) and (h) of Title VII, 42 U.S.C. §§ 2000e(b), (g) and (h).

6. At all relevant times, Defendant United Automobile, Aerospace and Agricultural Implement Workers of America (the "UAW"), has continuously been an association of participating employees which deals with employers concerning terms and conditions of employment, and has continuously had at least 15 members. At all relevant times, the National UAW has been the recognized collective bargaining representative for employees of the Defendant Employer.

7. At all relevant times, Defendant UAW has continuously been a labor organization engaged in an industry affecting commerce within the meaning of Sections 701(d) and (e) of Title VII, 42 U.S.C. §§ 2000e(d) and (e).

8. At all relevant times, Defendant United Automobile, Aerospace and Agricultural Implement Workers of America, Local 863 ("UAW Local 863"), has continuously been a local association of participating employees which deals with employers concerning terms and conditions of employment, and has continuously had at least 15 members. At all relevant times, the Local UAW has been chartered by the UAW as a local or subordinate body through which the recognized collective bargaining representative for local employees of the Defendant Employer may enjoy membership or become affiliated.

9. At all relevant times, Defendant UAW Local 863 has continuously been a labor organization engaged in an industry affecting commerce within the meaning of Sections 701(d) and (e) of Title VII, 42 U.S.C. §§ 2000e(d) and (e).

10. At all relevant times, Defendant Ford & UAW National Joint Apprenticeship Committee (the "National Joint Apprenticeship Committee" or "NJAC"), has continuously been a joint labor-management committee controlling apprenticeship or other training for Defendant Employer.

11. At all relevant times, Defendant Local Ford & UAW Joint Apprenticeship Committee (the "Local Joint Apprenticeship Committee" or "LJAC"), has continuously been a joint labor-management committee controlling local apprenticeship or other local training for Defendant Employer.

4

## STATEMENT OF CLAIMS

12. More than thirty days prior to the institution of this lawsuit, James Robinson, Sr., Gregory A. Dicks, Robert S. Payne, Robert Fails, Jr., Jerome R. Harris, Karthan Norman, Johnathan Glover, Sheilah Brackett, Terri Gaither, Joseph W. Hendricks, Gordon B. Rinfro, Eric Barbee and Darnay Cheeks filed charges with the Commission alleging violations of Title VII by Defendant Employer. All conditions precedent to the institution of this lawsuit have been fulfilled.

13. More than thirty days prior to the institution of this lawsuit, James Robinson, Sr., Gregory A. Dicks, Robert S. Payne, Robert Fails, Jr., Jerome R. Harris, Karthan Norman, Johnathan Glover, Sheilah Brackett, Terri Gaither, Joseph W. Hendricks and Gordon B. Rinfro filed charges with the Commission alleging violations of Title VII by Defendant UAW. All conditions precedent to the institution of this lawsuit have been fulfilled.

14. More than thirty days prior to the institution of this lawsuit, James Robinson, Sr., Gregory A. Dicks, Robert S. Payne, Robert Fails, Jr., Jerome R. Harris, Karthan Norman, Johnathan Glover, Sheilah Brackett, Terri Gaither, Joseph W. Hendricks and Gordon B. Rinfro filed charges with the Commission alleging violations of Title VII by Defendant UAW Local 863. All conditions precedent to the institution of this lawsuit have been fulfilled.

15. More than thirty days prior to the institution of this lawsuit, James Robinson, Sr., Gregory A. Dicks, Robert S. Payne, Robert Fails, Jr., Jerome R. Harris, Karthan Norman, Johnathan Glover, Sheilah Brackett, Terri Gaither, Joseph W. Hendricks and

Gordon B. Rinfro filed charges with the Commission alleging violations of Title VII by Defendant NJAC. All conditions precedent to the institution of this lawsuit have been fulfilled.

16. More than thirty days prior to the institution of this lawsuit, James Robinson, Sr., Gregory A. Dicks, Robert S. Payne, Robert Fails, Jr., Jerome R. Harris, Karthan Norman, Johnathan Glover, Sheilah Brackett, Terri Gaither, Joseph W. Hendricks and Gordon B. Rinfro filed charges with the Commission alleging violations of Title VII by Defendant LJAC. All conditions precedent to the institution of this lawsuit have been fulfilled.

17. Since at least January 1, 1997, Defendant Employer has engaged in unlawful employment practices at its Sharonville and former Batavia, Ohio facilities, in violation of Section 703(a) of Title VII, 42 U.S.C. § 2000e-2(a). The Commission alleges that Defendant Employer's apprenticeship test has a disparate impact on African-American apprentice applicants and consequently denies them eligibility and admission to the apprenticeship program.

18. Since at least January 1, 1997, Defendant UAW has engaged in unlawful employment practices at Defendant Employer's Sharonville and former Batavia, Ohio facilities, in violation of Section 703(a) of Title VII, 42 U.S.C. § 2000e-2(a). The Commission alleges that Defendant UAW's apprenticeship test has a disparate impact on African-American apprentice applicants and consequently denies them eligibility and admission to the apprenticeship program.

19.     Since at least January 1, 1997, Defendant UAW Local 863 has engaged in unlawful employment practices at Defendant Employer's Sharonville and former Batavia, Ohio facilities, in violation of Section 703(a) of Title VII, 42 U.S.C. § 2000e-2(a). The Commission alleges that Defendant UAW Local 863's apprenticeship test has a disparate impact on African-American apprentice applicants and consequently denies them eligibility and admission to the apprenticeship program.

20. Since at least January 1, 1997, Defendant UAW NJAC has engaged in unlawful employment practices at Defendant Employer's Sharonville and former Batavia, Ohio facilities, in violation of Section 703(a) of Title VII, 42 U.S.C. § 2000e-2(a). The Commission alleges that Defendant NJAC's apprenticeship test has a disparate impact on African-American apprentice applicants and consequently denies them eligibility and admission to the apprenticeship program.

21.     Since at least January 1, 1997, Defendant LJAC has engaged in unlawful employment practices at Defendant Employer's Sharonville and former Batavia, Ohio facilities, in violation of Section 703(a) of Title VII, 42 U.S.C. § 2000e-2(a). The Commission alleges that Defendant LJAC's apprenticeship test has a disparate impact on African-American apprentice applicants and consequently denies them eligibility and admission to the apprenticeship program.

22.     The effect of the practice(s) complained of in paragraph(s) 17-21 above has been to deprive James Robinson, Sr., Gregory A. Dicks, Robert S. Payne, Robert Fails, Jr., Jerome R. Harris, Karthan Norman, Johnathan Glover, Sheilah Brackett, Terri Gaither, Joseph W. Hendricks, Gordon B. Rinfro, Eric Barbee, Darnay Cheeks and the class of

similarly situated African-American apprenticeship test takers of equal employment opportunities and otherwise adversely affect their status as employees and apprentice applicants, because of their race.

## PRAYER FOR RELIEF

Wherefore, the Commission respectfully requests that this Court:

A. Grant a permanent injunction enjoining Defendant Employer, its officers, successors, assigns, and all persons in active concert or participation with it, from engaging in disparate impact regarding selection for apprenticeship and any other employment practice which discriminates on the basis of race.

B. Order Defendant Employer to institute and carry out policies, practices, and programs which provide equal employment opportunities for African-Americans, and which eradicate the effects of its past and present unlawful employment practices.

C. Order Defendant Employer to make whole James Robinson, Sr., Gregory A. Dicks, Robert S. Payne, Robert Fails, Jr., Jerome R. Harris, Karthan Norman, Johnathan Glover, Sheilah Brackett, Terri Gaither, Joseph W. Hendricks, Gordon B. Rinfro, Eric Barbee, Darnay Cheeks and other similarly situated African-American individuals by providing appropriate backpay with prejudgment interest, in amounts to be determined at trial, and other affirmative relief necessary to eradicate the effects of its unlawful employment practices, including rightful-place instatement and front pay.

D. Grant a permanent injunction enjoining Defendant UAW, its officers, successors, assigns, and all persons in active concert or participation with it, from engaging

in disparate impact regarding selection for apprenticeship and any other employment practice which discriminates on the basis of race.

E.  Order Defendant UAW to institute and carry out policies, practices, and programs which provide equal employment opportunities for African-Americans, and which eradicate the effects of its past and present unlawful employment practices.

F.  Order Defendant UAW to make whole James Robinson, Sr., Gregory A. Dicks, Robert S. Payne, Robert Fails, Jr., Jerome R. Harris, Karthan Norman, Johnathan Glover, Sheilah Brackett, Terri Gaither, Joseph W. Hendricks, Gordon B. Rinfro and other similarly situated African-American individuals by providing appropriate backpay with prejudgment interest, in amounts to be determined at trial, and other affirmative relief necessary to eradicate the effects of its unlawful employment practices, including rightful-place instatement and front pay.

G.  Grant a permanent injunction enjoining Defendant UAW Local 863, its officers, successors, assigns, and all persons in active concert or participation with it, from engaging in disparate impact regarding selection for apprenticeship and any other employment practice which discriminates on the basis of race.

H.  Order Defendant UAW Local 863 to institute and carry out policies, practices, and programs which provide equal employment opportunities for African-Americans, and which eradicate the effects of its past and present unlawful employment practices.

I.  Order Defendant UAW Local 863 to make whole James Robinson, Sr., Gregory A. Dicks, Robert S. Payne, Robert Fails, Jr., Jerome R. Harris, Karthan Norman, Johnathan Glover, Sheilah Brackett, Terri Gaither, Joseph W. Hendricks, Gordon B. Rinfro

and other similarly situated African-American individuals by providing appropriate backpay with prejudgment interest, in amounts to be determined at trial, and other affirmative relief necessary to eradicate the effects of its unlawful employment practices, including rightful-place instatement and front pay.

J. Grant a permanent injunction enjoining Defendant UAW Local 863, its officers, successors, assigns, and all persons in active concert or participation with it, from engaging in disparate impact regarding selection for apprenticeship and any other employment practice which discriminates on the basis of race.

K. Order Defendant UAW Local 863 to institute and carry out policies, practices, and programs which provide equal employment opportunities for African-Americans, and which eradicate the effects of its past and present unlawful employment practices.

L. Order Defendant NJAC make whole James Robinson, Sr., Gregory A. Dicks, Robert S. Payne, Robert Fails, Jr., Jerome R. Harris, Karthan Norman, Johnathan Glover, Sheilah Brackett, Terri Gaither, Joseph W. Hendricks, Gordon B. Rinfro and other similarly situated African-American individuals by providing appropriate backpay with prejudgment interest, in amounts to be determined at trial, and other affirmative relief necessary to eradicate the effects of its unlawful employment practices, including rightful-place instatement and front pay.

M. Grant a permanent injunction enjoining Defendant NJAC, its officers, successors, assigns, and all persons in active concert or participation with it, from engaging in disparate impact regarding selection for apprenticeship and any other employment practice which discriminates on the basis of race.

N.     Order Defendant NJAC to institute and carry out policies, practices, and programs which provide equal employment opportunities for African-Americans, and which eradicate the effects of its past and present unlawful employment practices.

O.     Order Defendant LJAC make whole James Robinson, Sr., Gregory A. Dicks, Robert S. Payne, Robert Fails, Jr., Jerome R. Harris, Karthan Norman, Johnathan Glover, Sheilah Brackett, Terri Gaither, Joseph W. Hendricks, Gordon B. Rinfro and other similarly situated African-American individuals by providing appropriate backpay with prejudgment interest, in amounts to be determined at trial, and other affirmative relief necessary to eradicate the effects of its unlawful employment practices, including rightful-place instatement and front pay.

P.     Grant a permanent injunction enjoining Defendant LJAC, its officers, successors, assigns, and all persons in active concert or participation with it, from engaging in disparate impact regarding selection for apprenticeship and any other employment practice which discriminates on the basis of race.

Q.     Order Defendant LJAC to institute and carry out policies, practices, and programs which provide equal employment opportunities for African-Americans, and which eradicate the effects of its past and present unlawful employment practices.

R.     Grant such further relief as the Court deems necessary and proper in the public interest.

S.  Award the Commission its costs of this action.

Respectfully submitted,

ERIC S. DREIBAND
GENERAL COUNSEL
Washington, D.C.

JAMES L. LEE
DEPUTY GENERAL COUNSEL
Washington, D.C.

GWENDOLYN Y. REAMS
ASSOCIATE GENERAL COUNSEL
Washington, D.C.

*/s/ C. Larry Watson*
C. LARRY WATSON (0031443)
REGIONAL ATTORNEY

*/s/ Lawrence Mays*
LAWRENCE MAYS (0038288)
SUPERVISORY TRIAL ATTORNEY

*/s/ Jeffrey A. Stern*
JEFFREY A. STERN (0020107)
TRIAL ATTORNEY

EQUAL EMPLOYMENT OPPORTUNITY
COMMISSION
Cleveland District Office
Tower City - Skylight Office Tower
1660 West Second Street, Suite 850
Cleveland, Ohio 44113-1412
Larry.Watson@eeoc.gov
Lawrence.Mays@eeoc.gov
Jeffrey.Stern@eeoc.gov
(216) 522-7455 (Watson)
(216) 522-4796 (Mays)
(216) 522-7458 (Stern)
(216) 522-7430 telefax

12